UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 15-87 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Juana Reyes-Cordova (2), | |
| Defendant. | |

LeeAnn Bell, Assistant United States Attorney, for Plaintiff.
Gary Wolf and Holly Frame for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 9, 2015 on Defendant Juana Reyes-Cordova's motion to suppress evidence obtained as a result of a search and seizure (ECF No. 45). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. At the hearing, the Government entered one exhibit into evidence.[1] For the reasons that follow, the Court recommends that Defendant's motion be **DENIED**.

## I. BACKGROUND

**A.    Procedural history**

On July 9, 2014, Defendant Juana Reyes-Cordova was indicted by a federal grand jury on one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Indictment, ECF No. 1. Two other co-Defendants were also indicted.

---

[1] The Government's exhibit 1 is a search warrant, dated February 20, 2015, issued by a Minnesota state court judge to search a residence at 8xxx Crest Road, Bloomington, MN. *See* Ex. List, ECF No. 59.

Reyes-Cordova now seeks to suppress evidence that was obtained pursuant to a warrant that authorized the search of a residence located at 8xxx Crest Road in Bloomington, MN (the "Crest Road residence"). Mot. to Suppress, ECF No. 45. According to Reyes-Cordova, the search and seizure lacked probable cause "because there was not a sufficient nexus between evidence seized in other locations and Defendant's residence on Crest Road." *Id.* ¶ 4. Additionally, Reyes-Cordova argues that the good faith exception to the warrant requirement does not apply because the issuing magistrate "wholly abandoned his judicial role" and the affidavit in support of the warrant application was so lacking of probable cause that it was not objectively reasonable for an officer to rely on it. Mem. in Supp. of Mot. to Suppress 5–6, ECF No. 46. The Government opposes the motion, arguing that probable cause supported the issuance of the warrant and/or the good-faith exception to the warrant requirement nevertheless applies. *See generally* Gov.'s Response to Def.'s Pretrial Motions, ECF No. 58.

**B.     Facts outlined in the search warrant affidavit**

On February 20, 2015, Bloomington Police Officer N. Melser applied for a warrant to search the Crest Road residence. *See* Gov. Ex. 1. Officer Melser has been a police officer for over twelve years, and his current assignment is investigating narcotics violations.

Officer Melser's affidavit outlined the investigation of co-Defendant Abraham Feliciano Lorenzo. According to Officer Melser, a Detective Heinzmann obtained information in January 2015 from a confidential informant ("CI") that Lorenzo was an active multi-pound methamphetamine dealer in the twin cities. Lorenzo was known to reside in the Bloomington/Richfield area and drive a silver Ford Expedition. Surveillance of Lorenzo showed that he consistently parked his Ford Expedition at the Crest Road residence on several consecutive nights, and he would enter and exit

the residence using a key to gain access.

Detective Heinzmann additionally learned through CI information and surveillance that Lorenzo rented an apartment located in Richfield, MN on a month-to-month basis. However, additional surveillance showed that Lorenzo's primary residence was nevertheless the Crest Road residence. On February 10, 2015, Detective Heinzmann brought a certified drug-sniffing canine to Lorenzo's Richfield apartment. The canine positively alerted to the presence of narcotics after he sniffed the airspace immediately outside of the apartment's door.

Through Officer Melser's training and experience, he knew that drug dealers and traffickers often keep their narcotics separate from their personal residences in order to protect themselves from law enforcement and robberies. Officer Melser also averred that drug dealers and traffickers frequently keep their drug proceeds in their personal residences, away from the location where their narcotics are stored.

On February 11, 2015, law enforcement set up surveillance on the Crest Road residence and Lorenzo's silver Ford Expedition. Detective Heinzmann observed Lorenzo drive from the Crest Road residence to a trailer park in Ramsey, a place that Detective Heinzmann had witnessed Lorenzo go to on several prior occasions. In the past, Lorenzo would stay at the trailer park for approximately 5–15 minutes before leaving to go back to the Crest Road residence. On this particular occasion, Lorenzo was observed climbing into the back seat of his vehicle, removing an unknown item from the vehicle, and then concealing it. Thereafter, Lorenzo walked into a trailer. Five minutes later, he left the trailer and got back into his vehicle. Law enforcement continued surveillance on Lorenzo as he drove back to Bloomington. Prior to reaching his destination, however, officers stopped Lorenzo's vehicle and conducted a search of the vehicle after receiving

Lorenzo's consent. On his person was $5,000–$7,000 in cash, wrapped in rubber bands. When questioned about where he was coming from, Lorenzo lied about where he had been. Based on Officer Melser's training and familiarity with Lorenzo's daily pattern, Officer Melser believed that Lorenzo had sold a large quantity of methamphetamine. Because Lorenzo went from the Crest Road residence to the trailer park in Ramsey without stopping in between the two locations, Officer Melser believed that Lorenzo stored large amounts of narcotics at the Crest Road residence.

On February 20, 2015, Detective Heinzmann again observed Lorenzo get into his Ford Expedition and drive from the Crest Road residence to the trailer park in Ramsey. A state patrol officer conducted a legal traffic stop and searched the vehicle, where he discovered a quantity of methamphetamine. Based on the fact that Lorenzo had come directly from the Crest Road address when the methamphetamine was discovered, Officer Melser believed that there were additional quantities of narcotics and/or proceeds of narcotics trafficking at the Crest Road residence.

Based on these facts, a Hennepin County district judge issued a warrant on February 20, 2015 to search the Crest Road residence for evidence of controlled substance possession and/or distribution of such controlled substances. *See* Gov. Ex. 1.

### III. CONCLUSIONS OF LAW

Assuming without deciding that the search warrant lacked probable cause, the Court concludes that the evidence is nonetheless admissible under the good-faith exception to the exclusionary rule as articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984). *See also United States v. Clay*, 646 F.3d 1124 (8th Cir. 2011) ("[T]he exclusionary rule should not be applied so as to bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even if that search warrant is later held to be

invalid." (citing *Leon*, 468 U.S. at 900)). The Eighth Circuit has outlined four situations where an officer's reliance on a warrant would be unreasonable: (1) the officer included information in the affidavit that he knew was false or would have known was false except for his reckless disregard of the truth; (2) the affidavit is so lacking in probable cause that it is objectively unreasonable for the officer to rely on it; (3) the judge failed to act in a neutral and detached manner; or (4) the warrant is so facially deficient that the officer cannot reasonably presume the warrant to be valid. *United States v. Phillips*, 88 F.3d 582, 586 (8th Cir. 1996) (citing *Leon*, 468 U.S. at 922). None of these situations are applicable here.

First, although Cordova-Reyes claims that the judge who issued the warrant failed to act in a neutral and detached manner, *see* ECF No. 46 at 5, there is no evidence in the record to support this assertion. No witnesses were called at the hearing and there are no specific allegations of misconduct on behalf of the issuing judge. Accordingly, the Court rejects this argument.

Second, there are sufficient facts outlined in the affidavit that evidence of narcotics possession and/or trafficking would be found at the Crest Road residence such that it was objectively reasonable for an officer to rely on it. Lorenzo, a person who was identified as a drug dealer by a CI, was observed coming and going on numerous occasions from the Crest Road residence, a location at which Lorenzo was known to reside. In addition, law enforcement officers found evidence of narcotics possession and/or trafficking in Lorenzo's possession on at least two instances—once immediately after he left the Crest Road residence and once while he was returning to the Crest Road residence. This is not a situation where there is no connection between the evidence and the location searched, or where the supporting affidavit is so void of factual support that it would be objectively unreasonable for law enforcement officers to rely on it.

Consequently, to the extent Cordova-Reyes's motion seeks to suppress evidence obtained

5

pursuant to the February 20, 2015 warrant to search the Crest Road residence, the motion should be denied.

### III. RECOMMENDATION

Based upon the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to suppress (ECF No. 45) should be DENIED.

DATED: July 7, 2015                                              *s/Franklin L. Noel*
                                                                           FRANKLIN L. NOEL
                                                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 21, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 21, 2015** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.