UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0087 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| JUANA REYES-CORDOVA, | |
| Defendant. | |

Defendant Juana Reyes-Cordova pleaded guilty to conspiracy to distribute methamphetamine. She received a 75-month sentence. This matter is before the Court on Reyes's motion to modify her sentence "pursuant to . . . Amendment (794) to the United States Sentencing Guidelines." ECF No. 159.

Amendment 794 clarifies when a defendant who played only a "minor" or "minimal" role in an offense may receive a two- to four-level reduction in her offense level under § 3B1.2 of the Guidelines. Reyes claims that she "did not play a leadership role" in her boyfriend's drug-trafficking enterprise. She thus asks the Court to grant her "a 2, 3 or 4 level adjustment in her sentence" under § 3B1.2, as that section was amended by Amendment 794.

The Court DENIES Reyes's request for two reasons.

First, a district court generally cannot modify a sentence of imprisonment once it is imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). There are a few

exceptions to this rule. *See* 18 U.S.C. § 3582(c). But none of those exceptions apply here. The Director of the Bureau of Prisons has not moved to reduce Reyes's sentence for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i). The government has not moved to reduce Reyes's sentence for post-sentencing assistance with the investigation or prosecution of another crime. *See id.* § 3582(c)(1)(B); Fed. R. Crim. P. 35(b). And the United States Sentencing Commission has not retroactively lowered the applicable sentencing range for Reyes. *See* 18 U.S.C. § 3582(c)(2).

Reyes describes Amendment 794 as a "new" and "retroactive" amendment to the Guidelines. But Amendment 794 is not, in fact, a "new" amendment. Amendment 794 took effect on November 1, 2015—more than five months *before* Reyes was sentenced. Section 3B1.2 *as amended* was applied at Reyes's sentencing, and thus Reyes has already had the benefit of Amendment 794. *See* 18 U.S.C. § 3553(a)(4)(A)(ii)) (requiring courts to use the Guidelines that "are in effect on the date the defendant is sentenced"); PSR ¶ 24, ECF No. 102 (noting that the "2015 Guidelines Manual, *incorporating all guideline amendments*, was used to determine [Reyes's] offense level") (emphasis added).

Second, not only was § 3B1.2 (as modified by Amendment 794) already applied to Reyes, the Court already gave Reyes a two-level departure under that guideline after finding that she played a minor role in the offense. *Compare* PSR ¶ 30 (recommending a two-level reduction under § 3B1.2), *with* Sent. Hr'g Tr. 4:4-5, 9:11-21, ECF No. 144

(determining that the total offense level was 29, consistent with the presentence investigation report's recommendations). The Court then varied downward another 12 months from the bottom of the Guidelines range before settling on a 75-month sentence for Reyes. Sent. Hr'g Tr. 4:6-7, 24:2-4, 26:24-27:5. Thus, in her present motion, Reyes is asking for something that she has already received: a two-level mitigating-role departure under § 3B1.2.[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant Juana Reyes-Cordova's motion for a modification of her sentence [ECF No. 159] is DENIED.

Dated: September 23, 2016     s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge

---

[1] If Reyes is asking for an even greater mitigating-role reduction, her request is denied. First, Reyes failed to ask for a three- or four-level departure at her sentencing hearing, and thus she cannot make the argument now. Second, if Reyes had asked for a three- or four-level departure at her sentencing hearing, the Court would have denied her request based on the evidence in the record about the role that she played assisting her boyfriend in his drug-distribution enterprise.